STATE OF WEST VIRGINIA

FILED

June 9, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CYNTHIA A. CAMPBELL,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0187** (BOR Appeal No. 2047359)
                      (Claim No. 2011003719)

**OHIO VALLEY MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cynthia A. Campbell, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ohio Valley Medical Center, Inc., by Toni J. Minner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 28, 2012, in which the Board affirmed a June 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 17, 2012, decision which denied a request for a surgical consultation with James Shope, M.D., as well as hand therapy, evaluation, and visits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Campbell, a mental health technician, was injured in the course of her employment on July 24, 2010, when a patient grabbed and twisted her left wrist and right thumb. Ms. Campbell was initially treated by Ronald Chalifoux, D.O., who referred her to hand specialist Mark Baratz, M.D. Dr. Baratz testified in a deposition on November 29, 2011, that he took x-rays of Ms. Campbell's thumb and wrist and found signs of arthritis in the right thumb. He stated that her right thumb condition had resolved by November 15, 2010. Surgery was necessary to treat a triangular fibrocartilage complex tear in the left wrist and the procedure was performed in

1

January of 2011. By April of 2011, Dr. Baratz had found that Ms. Campbell could return to work. Ms. Campbell reported pain in her right wrist in April of 2011 and Dr. Baratz diagnosed tendonitis. He opined that the condition was unrelated to the work injury. He also found that Ms. Campbell's complaints in June of 2011 of right thumb pain were unrelated to her work injury. Her symptoms were found to be the result of pre-existing arthritis. He released her from his care in June of 2011.

Ms. Campbell's treating physician, Dr. Chalifoux, testified in a deposition on November 18, 2011, that he first treated Ms. Campbell in September of 2011 for a left wrist and right thumb injury. He disagreed with Dr. Baratz's assertion that she could return to work in June of 2011. At that point in time she was not at maximum medical improvement. He stated that she did not improve enough to return to work until late October to early November of 2011. Dr. Chalifoux requested a surgical consultation with Dr. Shope as well as hand therapy, evaluation, and visits. The claims administrator denied the request on February 17, 2012.

The Office of Judges affirmed the claims administrator's decision in its June 22, 2012, Order. It noted that a March 12, 2012, Office of Judges' Order affirmed a decision closing the claim for temporary total disability benefits as well as denying a request to reopen the claim for temporary total disability benefits because Ms. Campbell had reached maximum medical improvement. No evidence was introduced in the instant case regarding a consultation or treatment by Dr. Shope. The Office of Judges found that Dr. Chalifoux's request is not of record and there are no treatment notes indicating why an orthopedic consultation would be necessary given that Ms. Campbell was released to return to full-time normal duty by Dr. Baratz on June 28, 2011. It was determined that Ms. Campbell has not been treated by Dr. Baratz since June 27, 2011, and there is no indication in the record why Dr. Chalifoux suddenly determined that a consultation with another hand specialist was necessary. The Office of Judges held that a preponderance of the evidence did not give rise to any reasonable inference that further treatment should be authorized.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its November 28, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Campbell has failed to show that the requested consultation and treatment are medically related and reasonably required for the treatment of her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II